CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/22/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:07-cr-00008-1 |
| v. | **MEMORANDUM OPINION** |
| RODNEY OWEN ANTHONY,<br>*Defendant.* | JUDGE NORMAN K. MOON |

Defendant Rodney Owen Anthony ("Defendant") was identified as an individual who may qualify for retroactive application of the Fair Sentencing Act of 2010 under Section 404 of the First Step Act of 2018. (Dkt. 133). In a previous memorandum opinion and order, this Court reduced Defendant's sentence to 175 months but not less than time served, with 4 years of supervised release to follow. (Dkts. 151, 152). That calculation was in error, as it failed to account for the parties' agreement about what a proportionate reduction would be in this case. Thus, the Court issues this revised memorandum opinion, with a revised order to follow. For the following reasons, the Court will grant Defendant retroactive relief under the First Step Act.

On February 15, 2007, Defendant was indicted on one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); three counts of distribution of cocaine base, in violation of 21 §§ U.S.C. 841(b)(1)(C); possession of a firearm during a drug trafficking offense, in violation of 21 U.S.C. § 924(c); possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 922(g); and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). (Dkt. 3). Defendant entered into a written plea agreement on November 16, 2007, and pleaded guilty to Count One of the indictment on the same date. (Dkts. 60–63).

Defendant was found to be a career offender, and his Sentencing Guidelines range was enhanced accordingly under U.S.S.G. § 4B1.1. At sentencing, Defendant's Guidelines range was calculated to be 262–327 months imprisonment, based in part on the Court's decision to grant a three-point reduction for acceptance of responsibility. On March 17, 2008, the Court sentenced Defendant to 168 months imprisonment and 5 years supervised release. (Dkt. 75). On November 24, 2009 and November 14, 2011, Defendant filed motions for a reduction in his sentence under Amendments 706, 750, and 782, (dkts. 78, 80), but the Court denied these motions because of Defendant's status as a career offender. (Dkts. 79, 81).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized

reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). [1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was increased from 50 to 280 grams. *Id.*

Under the First Step Act, the statutory range for Defendant's offense, taking into account Defendant's career offender status, would be 188–235 months imprisonment. The Court has been advised that, as of the completion of briefing in late February,[2] Defendant had already served approximately 175 months. Defendant requests a sentence of time served. (Dkt. 144 at 2). The Government asks for a sentence of 175 months but not less than time served, followed

---

[1] Although § 3582(c)(1)(B) does not reference § 3553(a) as do other § 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

[2] This case was fully briefed by February 28, 2019, (dkts. 143, 144), but was subsequently stayed on March 22, 2019. (Dkt. 147). The Government submitted a notice of no further filing on April 3, 2019. (Dkt. 149).

by 4 years of supervised release. (Dkt. 143). Although the parties essentially both ask for a reduced sentence of 175 months, such a sentence would not in fact be a reduction from Defendant's original sentence of 168 months. However, the parties agree that a proportionate reduction to that granted at Defendant's original sentencing would result in a sentence of 120 months. (Dkts. 143 at 7; 144 at 2).

After a review of the record and consideration of the factors set forth in § 3553(a), the Court concludes that a modification of Defendant's sentence pursuant to the First Step Act of 2018 is appropriate. Accordingly, the Court will order that Defendant's sentence be modified to 120 months imprisonment, but not less than time served, with 4 years of supervised release to follow. A sentence of 120 months, but not less than time served, furthers the factors set forth in § 3553(a), which, among other things, require consideration of the need to protect the public, deterrence, and the avoidance of sentencing disparities among similarly situated defendants. *See United States v. Clark*, No. 5:03-cr-30093 (W.D. Va. Feb. 13, 2019) (reasoning that a sentence of time served would best serve the need to protect the public and deter future crime, and noting "that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant already had served more than the applicable guideline range" (citations omitted)). All other terms of the original sentence will remain the same.

Since the Court will order that Defendant's sentence be reduced pursuant to the First Step Act of 2018 as described above, Defendant's May 12, 2018 *pro se* letter motion requesting a sentence reduction shall be denied as moot. (Dkt. 128).

The Clerk is directed to send copies of this revised memorandum opinion and the accompanying revised order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this  22nd  day of May, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE